IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 14, 2000

## JAMES A. MOSS v.
## VANDERBILT UNIVERSITY MEDICAL CENTER

**Appeal from the Chancery Court for Davidson County**
**No. 98-2852-I      Irvin H. Kilcrease, Jr., Chancellor**

_____

**No. M1999-01321-COA-R3-CV - Filed December 21, 2000**

_____

Pro se Plaintiff appeals the dismissal by the trial court of his case on the basis of failure to assert a claim upon which relief can be granted. We affirm the action of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and PATRICIA J. COTTRELL, J., joined.

James A. Moss, Columbia, Tennessee, Pro Se.

Steven Edward Anderson, Nashville, Tennessee, for the appellee, Vanderbilt University Medical Center.

### OPINION

It is difficult, if not impossible, to glean from the record before this Court, what the pro se plaintiff is seeking and upon what factual basis he predicates the claim. The best hope is to simply describe seriatim the documents appearing in this file.

First, we have a copy of the initial page of what might be called a complaint filed by Appellant, James Anthony Moss, against Appellee, Vanderbilt University Medical Center, on April 13, 1998, before the United States District Court of the Middle District of Tennessee, and apparently filed on September 23, 1998 in the Chancery Court of Davidson County, Tennessee. When described under the heading of "Type of Pleading" it simply states "Notice of Filing." The only other statement written on this document before the signature of Appellant, James A. Moss is the statement in the body of this initial page "Application for Child's Insurance Benefits - Survivor Claim."

The next document is the final two pages of a recommendation by Magistrate Judge William J. Haynes, Jr., under date of August 21, 1998, that the complaint be dismissed as legally frivolous under 28 U.S.C. section 1915(e)(2).

The next two pages in the record are nearly indecipherable with the only statement of fact being the assertion that "James A. Moss has been disabled since March 24, 1964." It further asserts that James R. Woodson died in 1979.

Next, is a copy of an authorization for the release of information signed by Appellant on June 9, 1997, and addressed to St. Thomas Hospital. The front page of this document indicates that Appellant was born May 10, 1951 and that his social security number is [Redacted].

Thereafter appear four pages of St. Thomas Hospital medical records evidencing sleep disorder evaluations by St. Thomas Hospital of Appellant under dates of November 5, 1992, and August 3, 1993. The diagnosis in these two medical reports indicates narcolepsy, periodic limb movement disorder, idiopathic CNS hypersomnia, and sleep apnea/hypopena syndrome. The only mention in any of the St. Thomas medical records of Vanderbilt is the statement in the November 5, 1992, report that "[h]e states that he has had excessive sleepiness which dates back to early adolescence. He was evaluated at Vanderbilt for that problem and was placed on some sort of medication for a short period of time."

The next document in the record and the one providing the most decipherable information is an Application for Child's Insurance Benefits - - Survivor Claim filed with the Equal Employment Opportunity Commission on December 11, 1996. The document is unsigned but provides the following pertinent information:

> The deceased worker's name is James Richard Woodson, Jr.
>
> The deceased's social security number is [Redacted].
>
> The deceased's date of birth is May 1, 1932.
>
> The deceased's date of death is May 2, 1979.
>
> No previous application has been filed with the Social Security Administration by or for the deceased.
>
> My name is James A. Moss.
>
> The child for whom this application is being filed is James A. Moss, date of birth May 10, 1951, SSN [Redacted].

The next page in the record is a copy of an order in the United States District Court for the Middle District of Tennessee, dated September 15, 1998, approving the recommendation of the magistrate judge and dismissing the federal court case as frivolous under 28 U.S.C. section 1915(e)(2).

The next page in the record is the apparent last page of an application for social security benefits for Appellant filed October 12, 1989, by Susan D. Clasbey, attorney. In this application is written in long hand the following:

> There is a previously unalleged mental or neurological impairment. When Mr. Moss was a young child, he began falling asleep in school. Mr. Moss says this began after multiple bee stings, his mother says it started after he drank an unknown substance. He was treated at Vanderbilt - - I have requested the records. He now falls asleep as he sits for any length of time. He also gets frequent severe headaches on the left side.

> Mr. Moss has never lived independently. His mother says he has never dated and that his grades in school were extremely low. He doesn't remember whether he was in special education classes - I have requested school records. He is probably functionally illiterate. He was rejected for military service (reason unknown).

The next document in this file is apparently a copy of the first page of the August 21, 1998, recommendation of dismissal by Magistrate Judge William J. Haynes, Jr., which appears to have been filed with the Davidson County Clerk and Master on September 21, 1998. On this first page of the "Report and Recommendation" of Magistrate Judge Haynes appears the observation:

> Plaintiff, James Anthony Moss, a Tennessee resident, filed this action against the Vanderbilt University Medical Center for injuries he sustained arising from shock therapy that he received at the center (Docket Entry No. 1, Complaint at p. 2). According to his complaint, Moss received this treatment for a sleeping disorder. *Id.* In his complaint, Moss does not allege the federal statute or provision of the federal constitution under which he is proceeding. *Id.* at p. 1. At best, given these allegations, his claim appears to be a medical malpractice claim that would be a state law claim.

None of the federal complaint referred to by Magistrate Judge Haynes appears in the record before this Court.

The next document in the file is a copy of a letter dated September 18, 1995 from Donald C. Arbitblit, attorney at law, San Francisco, California, addressed to Appellant, relative to an apparent class action referred to in the letter as the "Vanderbilt Radiation Case." This letter advises in part:

At the present time, we cannot predict the amount that may be received from other defendants remaining in the case (Vanderbilt University and the Rockefeller Foundation), and we cannot predict when such amounts may be paid. As you may know, Vanderbilt and the Rockefeller Foundation have resisted settlement and fought very hard so far to escape from the case. We have no indications that they are interested in settling or paying anything, and it will probably be years before the case is resolved.

The next document is a torn and partially indecipherable copy of an order by Judge Echols apparently on September 29, 1997, originally referring the case to Magistrate Judge Haynes in order to determine whether or not process should issue.

Next in the record is a copy of an extensive application to be allowed to proceed under pauper's oath, apparently in the federal court.

Next follows a copy of a September 21, 1998 Uniform Civil Affidavit of Indigency filed by Appellant.

Next is a November 4, 1998, Motion for Default Judgement, typed and apparently prepared by some knowledgeable individual reciting that the defendant was served with process on September 24, 1998, and has failed to answer or otherwise defend the action on which basis the plaintiff moves for judgment by default. This document is signed by Appellant pro se, with an indication that the motion was scheduled to be heard on December 11, 1998 at 9:00 a.m. in the Chancery Court of Davidson County, Part I.

The next document is a November 20, 1998, Motion to Dismiss for Failure to State a Claim or Alternatively on the Applicable Statute of Limitations and Statute of Repose. This document filed by attorney Steven E. Anderson representing Vanderbilt University Medical Center states:

Defendant Vanderbilt University Medical Center hereby moves to dismiss Plaintiff's effort to making allegations against Vanderbilt. Plaintiff has attached a number of documents, including some from the United States District Court for the Middle District of Tennessee, but has failed to set forth any facts setting forth a legal cause of action, as required by the Tennessee Rules of Civil Procedure. Additionally, Plaintiff's apparent complaint is based on acts or events which occurred in 1964. To the extent Plaintiff has stated any claims, they are barred either by the applicable statute of limitations or the statute of repose applicable to medical malpractice actions.

On December 10, 1998, an order of dismissal was entered in the Davidson County Chancery Court by Chancellor Irvin H. Kilcrease, Jr., which order provided:

Defendant's motion to dismiss for failure to state a claim or, alternatively, based on the applicable statute of limitations and statute of repose, was filed on November 20, 1998 and set for hearing on December 4, 1998. It appearing to the court that Plaintiff failed to respond or otherwise oppose the motion and that the motion is well-taken and should be granted,

It is hereby ordered that all of plaintiff's claims against defendant are hereby dismissed with prejudice. Costs are taxed to plaintiff for which execution may issue if necessary.

It is from this December 10, 1998, order of dismissal that James A. Moss appeals pro se.

In this Court, after a show cause order was issued requiring Appellant to show cause why his appeal should not be dismissed for failure to file an appellant's brief, a document was filed, hand written and pro se, September 23, 1999.

This document, apparently intended to be the brief of the appellant, states in its entirety:

The reason that Mr. Moss wishes for his case to remain open is because he feels as if Vanderbilt Medical Center is at fault for his neurological impairment in his earlier years leading to many years of disability, and not being able to function well in writing, reading, and a few other minor things. Since his case was thrown out for some unknown reason he now feels as if discrimination could be playing a part in this case. Since the case was not allowed to be heard upon its given date.

Such in synopsis is the entire record before this court on appeal.

The Chancellor was obviously correct in granting the motion to dismiss filed by Defendant. First of all, Rule 8.01 of the Tennessee Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks."

Making all allowances for the pro se status of the Appellant this Court is simply at a loss to decipher what he is trying to say. He asserts no facts and demands no relief. Clearly, the motion to dismiss is well taken under Tennessee Rule of Civil Procedure 12.02(6) for failure to state a claim upon which relief can be granted.

The alternative grounds for dismissal are also clearly established. Whatever may have happened to the plaintiff at Vanderbilt Medical Center, happened years before at the latest, November 5, 1992, when the St. Thomas Hospital sleep disorder evaluation record indicated that he had previously been evaluated at Vanderbilt. This is the only document in all of those set forth in his complaint that actually discusses treatment at Vanderbilt. Even accepting the 1992 date of the

St. Thomas letter, both the one year statute of limitations applicable to medical malpractice actions and the three year statute of repose applicable thereto had expired. Tenn. Code Ann. § 29-26-116.

Neither the trial court nor this Court can provide any help to Appellant on the basis of his filings.

The judgment of the trial court dismissing the case is in all respects affirmed and costs are assessed against Appellant.

_____
WILLIAM B. CAIN, JUDGE